UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRELL HALES,

                      Petitioner,                **DECISION AND ORDER**

        -vs-                       **No. 02-CV-6136(VEB)**

ANTHONY F. ZON, Superintendent,

                    Respondent.

_____

## INTRODUCTION

Terrell Hales ("Hales") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court on one count of second degree murder and one count of first degree unauthorized use of a motor vehicle. On February 18, 2005, the parties consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c). *See* Docket No. 20. On May 9, 2005, however, an order mistakenly was issued referring the matter to the undersigned pursuant to 28 U.S.C. § 636(b). *See* Docket No. 23. On June 10, 2005, the undersigned issued a Report and Recommendation recommending that Hales' habeas petition be denied and dismissed. *See* Docket No. 26. On April 5, 2007, Magistrate Judge Marian W. Payson transferred the instant matter to the undersigned. *See* Docket No. 27. The consent to magistrate judge's jurisdiction (Docket No. 20) has never been revoked and it therefore accordingly still is in effect. By means of this Decision and Order, the Referral Order (Docket No. 23) is hereby revoked and withdrawn, as is the Report and Recommendation (Docket No. 26). The Report and Recommendation is hereby reissued as the instant Decision and Order

(Docket No. 28) denying and dismissing with prejudice Hales' petition for writ of habeas corpus. Because consent to magistrate judge's jurisdiction under 28 U.S.C. § 636(c) authorizes the undersigned to order the entry of judgment in the case, Hales may not file Objections to this Decision and Order. *See* 28 U.S.C. § 636(b)(1). Accordingly, Hales' Objections (Docket No. 25) to the Report and Recommendation (Docket No. 26) are denied with prejudice. Hales is advised that he may appeal directly to the United States Court of Appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. *See* 28 U.S.C. § 636(c)(3). Hales is further advised that he has thirty (30) days from the entry of judgment in this matter to file his notice of appeal pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. Failure to file a timely notice of appeal can result in forfeiture of his claims before the Second Circuit Court of Appeals.

## PROCEDURAL HISTORY

Hales filed a petition for habeas corpus in this Court on March 12, 2002, in which he named Edward R. Donnelly as respondent. *See* Docket No. 1. On March 18, 2002, Hales submitted a letter seeking to have his habeas petition held in abeyance while he returned to state court in order to exhaust his remedies with respect to several of his claims. In light of the fact that Hales had submitted a mixed petition, the Court exercised its discretion to dismiss the unexhausted claims and hold the exhausted claims in abeyance. *See* Docket No. 7. The stay was contingent upon Hales's prompt initiation of an attempt to exhaust the claims in state court.

Hales returned to this Court on June 11, 2004, filing an amended petition naming Anthony Zon as respondent. See Docket No. 11.  Hales asserts, *inter alia*, that his confession was involuntary and that the admission of his redacted statement was improper. Respondent filed an

answer and memorandum of law in opposition to the petition on January 11, 2005. *See* Docket

Nos. 16, 17. Hales did not file a reply pleading.

**DISCUSSION**

<u>Timeliness</u>

As an affirmative defense, respondent asserts that the petition is untimely and must be

dismissed. *See* Respondent's Memorandum of Law (Docket No. 17) at 4. Under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24,

1996, Hales had one year from the date on which his judgment of conviction became final to file

his habeas petition. 28 U.S.C. § 2244(d)(1)(A); *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001).

Hales's leave application to the New York Court of Appeals was denied on November 20, 2000.

Thus, he had one year from February 18, 2002, the date his ninety-day (90) time limit to apply for

a writ of *certiorari* to the United States Supreme Court ended, in which to file his petition in

federal court. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924

(2001) (where petitioner appeals conviction to highest state court but fails to file for writ of

*certiorari* to U.S. Supreme Court, petitioner's time under AEDPA's one-year statute of

limitations begins to run at expiration of ninety-day period during which petitioner may file

petition for writ of *certiorari*).

Hales did not file his initial habeas petition in federal court until March 12, 2002, twenty-

two (22) days after the one-year statute of limitations expired on February 18, 2002. Although a

properly filed state court application for collateral relief can toll the limitations period, *see* 28

U.S.C. §2244(d)(2), Hales did not file such a motion until February 25, 2002, when he submitted

a motion in the trial court to vacate the judgment pursuant to New York Criminal Procedure Law

§ 440.10. However, that was seven (7) days after the statute of limitations expired on February 18, 2002.

In sum, it appears that Hales's petition was untimely when it was filed. Furthermore, Hales cannot gain the benefit of § 2244(d)(2)'s tolling provisions because the limitations period expired *before* he even filed any properly filed state court applications for collateral relief.

## Equitable Tolling

Because AEDPA's one-year period has been construed as a statute of limitations rather than a jurisdictional bar, courts may exercise their discretion to equitably toll the period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling applies only in the "rare and exceptional circumstance." *Id.* (citation omitted). In order to justify equitably tolling the one-year period of limitations, the petitioner must show that "extraordinary circumstances" prevented him from filing his petition on time.  *See id.* (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996) (noting that this court has applied equitable tolling doctrine "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights . . . .'") (citation omitted)). Furthermore, the petitioner seeking equitable tolling must have acted with "reasonable diligence" throughout the period he seeks to toll. *See id.* The petitioner must demonstrate a causal relationship "between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001).

Under the facts presented here, it does not appear that there was anything that prevented

Hales from filing his initial habeas petition in a timely manner. I note that he did not begin efforts to exhaust his claims until the statute of limitations had nearly expired. Therefore, I must conclude that the petition is untimely under 28 U.S.C. § 2244(d)(1).

**CONCLUSION**

For the reasons set forth above, Terrell Hales' petition for a writ of habeas corpus be **DENIED** on the basis that the petition is untimely.  Because Hales has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

By means of this Decision and Order, the Referral Order (**Docket No. 23**) is hereby revoked and withdrawn, as is the Report and Recommendation (**Docket No. 26**). The Report and Recommendation is hereby reissued as the instant Decision and Order (**Docket No. 28**) denying and dismissing with prejudice Hales' petition for writ of habeas corpus. Because consent to magistrate judge's jurisdiction under 28 U.S.C. § 636(c) authorizes the undersigned to order the entry of judgment in the case, Hales may not file Objections to this Decision and Order. *See* 28 U.S.C. § 636(b)(1). Accordingly, Hales' Objections (**Docket No. 25**) to the Report and Recommendation (**Docket No. 26**) are denied with prejudice. Hales is advised that he may appeal directly to the United States Court of Appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. *See* 28 U.S.C. § 636(c)(3). **Hales is further advised that he has thirty (30) days from the entry of judgment in this matter to file his notice of appeal pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. Failure to file a timely notice of appeal can result in forfeiture of his claims before the Second Circuit Court of Appeals.  The Clerk of the District Court is directed to**

**send a Notice of Appeal form with instructions to petitioner.**

**IT IS SO ORDERED.**

/s/*Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  April 25, 2007
         Rochester, New York.