UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRELL HALES,

Petitioner,

**DECISION AND ORDER**
**No. 02-CV-6136(VEB)**

-vs-

ANTHONY F. ZON, Superintendent,

Respondent.

---

Presently before the Court is the application (Docket No. 30) by *pro se* petitioner Terrell Hales ("Hales" or "petitioner") for an order overturning the "improper ruling" by this Court denying his petition for a writ of habeas corpus. A review of this case's somewhat convoluted procedural history is in order before the Court may proceed to dispose of Hales' application.

Hales filed his original petition on March 12, 2002. *See* Docket No. 1. An order was issued on October 12, 2004, transferring the case from District Judge Michael A. Telesca to Magistrate Judge Marian W. Payson. *See* Docket No. 13. This was not a referral order under 28 U.S.C. 636(b) or an order of consent to magistrate judge jurisdiction. Therefore, at the time, any magistrate judge to which the case was "transferred" could neither issue a final disposition on the petition nor issue recommendations to the assigned district judge on the disposition of the petition.

Pursuant to the usual district court procedures, consent forms were sent to respondent and petitioner at the commencement of this case to inform them of the option of consenting to magistrate judge jurisdiction pursuant to 28 U.S.C. 636(c)(1). On April 18, 2005, the Court

received a consent form executed by both petitioner and respondent. By signing the form, the parties "voluntarily . . . consent[ed] to the assignment of this case to a magistrate judge to conduct all proceedings in this case, including trial and the entry of final judgment." Hales signed his consent form on April 3, 2002, and checked the "I consent" box. Respondent signed his form on April 11, 2005. The consent order was entered on April 18, 2005.

On May 9, 2005, even though the parties already had consented to magistrate judge jurisdiction, a referral order inadvertently was entered referring the case to the undersigned. *See* Docket No. 23. On June 10, 2005, the undersigned issued a report and recommendation on Hales' petition, recommending that it be dismissed on the basis that it was untimely under AEDPA's one-year statute of limitations, *see* 28 U.S.C. 2244(d). Docket Nol 26. On April 5, 2007, when it was brought to the attention of the Court that the parties had consented to final disposition of the petition by a magistrate judge, there was another issued reassigning the case from Magistrate Judge Payson to the undersigned. Docket No. 27. On April 25, 2007, the report and recommendation entered June 10, 2005, was properly re-issued by the undersigned as a decision and order denying the petition. Docket No. 28.

On May 18, 2007, Hales filed an application challenging the Court's issuance of the decision and order dismissing his petition on the basis that the undersigned lacked jurisdiction to do so. *See* Docket No. 30. On May 22, 2007, Hales sought review from the Court of Appeals for the Second Circuit, arguing the jurisdictional issue and that the undersigned had erroneously found that the petition was untimely. Hales has not cited to any particular rule in support of his motion (Docket No. 30). However, the Court shall consider petitioner's submission to be a motion under Fed. R. Civ. P. 60(b), which sets forth the grounds on which a court, in its

discretion, can rescind or amend a final judgment or order. It provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) is appropriate only "upon a showing of exceptional circumstances." *Neimazer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986).

Hales now is contending that the order referring the case (Docket No. 23) was "mistakenly given" and therefore the undersigned "was never issued the authority to give a report and recommendation nor a second decision and order". *See* Docket No. 30. Hales also alleges that there was "a letter that is unknown to petitioner, from Magistrate Judge Payson, transferring the case to" the undersigned. *See id.* Hales claims that if that "letter" had been received by him, "the consent to a magistrate judge would have been revoked . . . ." *Id.*

Hales' motion for relief from judgment must be denied. Based on Hales' filings, the Court cannot credit his assertions made in his motion. First, Hales signed and dated the form consenting to magistrate judge jurisdiction on April 3, 2002, long before any mention of a particular magistrate judge assignment had been made; the case was not assigned to Magistrate Judge Payson until October 12, 2004. That direct assignment was not made pursuant to the consent form, which had not yet been filed with the Court. As pointed out above, the separate consent form sent to respondent was not signed by respondent and returned to the Court until

February 18, 2005. Furthermore, the parties consented to final disposition of this proceeding by a magistrate judge; the form did not indicate that the parties were consenting to jurisdiction by a particular magistrate judge or give any indication to whom the case would be assigned if the parties consented. Moreover, Hales did not raise any jurisdictional argument or objection to referral of this case to the undersigned at the time that the report and recommendation was filed in June 2005. It was only *after* he received an unfavorable final decision on his habeas petition that Hales raised any objections to magistrate judge jurisdiction or to this matter having been transferred to the undersigned. Finally, Hales' jurisdictional challenge has been mooted since the Second Circuit has dismissed Hales' notice of appeal and his motion for reconsideration of their denial of a certificate of appealability. In so doing, the Second Circuit specifically found that Hales had not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling as to the untimeliness of the petition or as to the magistrate judge's authority to issue a final decision in this case. *See* Mandate of Second Circuit Court of Appeals (citing *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 57-58 (2d Cir. 1984)) (Docket No. 35). The Second Circuit subsequently denied his petition for rehearing.

Nothing in petitioner's motion for relief from judgment allows the Court to grant relief from the April 5, 2007 Decision and Order dismissing his petition. Petitioner has not demonstrated that any of the circumstances enumerated in Rule 60(b) exist, and he has not shown that his claim should be reopened in the interest of justice. Accordingly, petitioner's motion for relief from judgment (Docket No. 30) is hereby **DENIED** with prejudice. In addition, Docket No. 34, which is a copy of his Petition for Rehearing before the Second Circuit but which was docketed as a Motion for Reconsideration in this Court, likewise is **DENIED** with prejudice on

the same grounds.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

---

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 31, 2007
Rochester, New York.